IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RODNEY BELL | § | |
| Movant, | § | |
| V. | § | Civil No. 4:16-CV-1056-O |
| | § | (No. 4:14-CR-058-O-(01)) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Rodney Bell ("Movant"), a federal prisoner, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. He challenges his 2014 drug-trafficking conviction and 180-month prison sentence with a four-year term of supervised release. The Court was recently notified that Movant has escaped from federal prison and has accordingly been placed on escape status. The Court, therefore, concludes that his § 2255 motion should be dismissed without prejudice.

**Background**

Movant pleaded guilty to conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. The Court sentenced to him to 180 months in prison to be followed by four years of supervised release. After his direct appeal was dismissed as frivolous, *see United States v. Bell*, 624 F. App'x 281, 282 (5th Cir. 2015), he filed this § 2255 motion. *See* 4:16-cv-1056-O, ECF No. 1.

On August 18, 2017, the Court ordered the government to respond to Movant's § 2255 motion. *See* 4:16-cv-1056-O, ECF No. 35. However, on September 9, 2017, the Acting Warden of

the federal prison where Movant was an inmate notified the Court that Movant "had been placed on escape status." A review of the publicly available Inmate Locator Service likewise shows that Movant escaped from federal prison on September 9, 2017.

## Fugitive Disentitlement Doctrine

"The fugitive disentitlement doctrine limits a criminal defendant's access to the judicial system whose authority he evades." *Bagwell v. Dretke*, 376 F.3d 408, 410 (5th Cir. 2004). The doctrine derives from a court's "inherent authority 'to protect [its] proceedings and judgments in the course of discharging [its] traditional responsibilities.'" *Id.* (quoting *Degen v. United States*, 517 U.S. 820, 823 (1996)). It is used by both district and appellate courts to enter judgment against a fugitive defendant. *Bagwell*, 376 F.3d at 410. And it may be applied in federal habeas corpus cases like this one. *Id.* at 412.

In considering whether to dismiss a fugitive defendant's habeas motion, the Court must consider whether the justifications underlying the fugitive disentitlement doctrine support dismissal. *Id.* at 413. Specifically, the Court should consider: "1) the risk of delay or frustration in determining the merits of the claim; 2) the unenforceability of the judgment; 3) the compromising of a criminal case by the use of civil discovery mechanisms; 4) the indignity visited on the court; and 5) deterrence." *Id.*

As a threshold matter, there is a clear nexus between Movant escaping from federal prison and this § 2255 motion, which challenges his federal criminal conviction and sentence. *See Bagwell*, 376 F.3d at 413 (noting that "there must be some nexus between the prisoner's fugitive status and the appeal before the distentitlement doctrine may properly be invoked."). Moreover, each of the

relevant factors weigh heavily in favor of dismissal.[1] First, because Movant escaped from federal prison, he has risked delaying these habeas proceedings. It is unlikely that he could now comply with Court-imposed deadlines or that he would appear for an evidentiary hearing, in the event that one is warranted. *E.g.*, *Mathis v. Lane*, No. 3:10-CV-663-J-12-JBT, 2010 WL 3834624, at * 2 n.3 (M.D. Fla. Sep. 29, 2010) ("The operation of the Petition most certainly would be delayed or interrupted because the Petitioner is no longer in custody and he is frequently changing his address."). Second, and more fundamentally, Movant's escape has rendered any habeas judgment unenforceable. That is because Movant has already helped himself to the relief he seeks here. *See Taylor v. Egeler*, 575 F.2d 773, 773 (6th Cir. 1978) ("The writ of habeas corpus requested by appellant, and denied by the district court, would now serve no function beyond that achieved by appellant without the assistance of the courts.").

Third, Movant's escape directly affronts the Court's dignity and authority. The Court sentenced Movant to federal prison for 180 months; less than 36 months later, he escaped. The final factor–the deterrent effect of dismissing fugitives' habeas motions–also weighs in favor of dismissal. *See, e.g.*, *Taylor v. Holder*, No. 0:12-986-JMC-PJG, 2013 WL 1315879, *2 (D.S.C. Mar. 8, 2013) (collecting cases). Taken together, the factors that underpin the rationale of the fugitive disentitlement doctrine weigh in favor of dismissing Movant's § 2255 motion.

## Conclusion

This Section 2255 action is **DISMISSED** without prejudice.

---

[1] The third factor–whether a criminal case would be compromised by the use of civil discovery mechanisms–is inapplicable here. *See Bagwell*, 376 F.3d at 413 ("we recognize that these traditional factors may apply differently in the habeas context.").

**SO ORDERED** this **12th day** of **September, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**